## The Gilman, Clinton and Springfield Railroad Company

### *v.*

### Jonathan Spencer.

1. Negligence—*injury to stock by railway company.* Where a railway company is under no statutory liability for injury to stock by its trains by reason of its road not having been fenced, as, when the road has not been open for use six months, the only ground of liability will be that the injury might have been avoided by the exercise of ordinary care and prudence, and its servants in charge failed to exercise such care and prudence.

2. Same—*failure to use care not alone sufficient.* Where a railway company, whose road had not been in operation six months before an accident, was sued for an injury to plaintiff's hogs, the court instructed the

jury that, if they believed, from the evidence, that the hogs were killed by defendant's engine, and that defendant's servants failed to use ordinary care to prevent the killing, the defendant was liable: *Held*, that the instruction was erroneous, as excluding the necessary element that the injury might have been avoided by the exercise of ordinary care and prudence, and made the liability depend upon not attempting to prevent the injury whether it would have availed or not.

APPEAL from the Circuit Court of DeWitt county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This was a suit by Jonathan Spencer, against the appellant, to recover for the killing of plaintiff's hogs. The plaintiff recovered a judgment for $31.50, and the defendant appealed.

Messrs. FULLER & GRAHAM, for the appellant.

Mr. P. T. SWEENEY, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

The injury to appellee's hogs, alleged to have been inflicted by appellant's engines on different occasions, for which the former recovered in the court below, occurred, as to all except one, within six months from the time appellant's road was open for use. In respect to all killed within the six months, the statutory liability for not fencing did not attach; so that, as to these, it was incumbent upon appellee to make affirmative proof of negligence resulting in the injury complained of. The only evidence of that tendency was that of the plaintiff and one other witness, that they did not hear any bell rung. There was no testimony given tending to show the circumstances under which the hogs, on the respective occasions in question, received any injury by means of appellant's engines or trains. Appellant being under no statutory liability by reason of its road not having been fenced, the ground of liability would be that the injury might have been avoided by the exercise of ordinary care and prudence, and

13—76TH ILL.

its servants in charge failed to exercise such care and prudence. *Ill. Cent. R. R. Co.* v. *Middlesworth,* 46 Ill. 494 ; *Same* v. *Baker,* 47 id. 295 ; *Rockford, Rock Island, etc. R. R. Co.* v. *Lewis,* 58 id. 49 ; *T. P. & W. R. R. Co.* v. *Bray,* 57 id. 514 ; Wharton on Neg. secs. 397, 893.

On behalf of plaintiff, the court instructed the jury that defendant was bound to use ordinary care and diligence in running its trains ; that, if the jury believed, from the evidence. that plaintiff's hogs were killed by defendant's engine, at or near defendant's railroad crossing, and that defendant's servants failed to use ordinary care to prevent such killing, then the jury should find for the plaintiff such damages as he proved he had sustained.

This instruction excludes a necessary element of the rule above laid down, viz: that the injury might have been. avoided by the exercise of ordinary care and prudence, and declares the liability of defendant for not attempting to prevent the injury, whether such effort would have been of any avail or not.

The case being extremely close upon the evidence, it was peculiarly one where an erroneous instruction would be prejudicial.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*